UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IFEDOO NOBLE ENIGWE, | ) | CASE NO. 4:08 CV0334 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Respondent. | ) | |

Pro se petitioner Ifedoo Noble Enigwe filed the above-captioned habeas corpus action on February 12, 2008 under 28 U.S.C. § 2241. Mr. Enigwe, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio ("FCI Elkton"), names the Federal Bureau of Prisons (BOP) as respondent. He seeks an order from this court compelling the BOP to "calculate Petitioner's good conduct time credits in conformance with the Congressional intent in enacting the good time credits [sic] law." (Pet. at 1.)

*Background*

Mr. Enigwe states that at the time he was sentenced to 235 months in prison on August 13, 1993, he was given 494 days of jail credit and "assessed 921 days total good time for the overall life of the sentence." (Pet. at 2.) As a result, the BOP has determined that his statutory release date is April 27, 2009 and his full term date is November 4, 2011. Petitioner argues that "[t]his computattion [sic] does not yield the statutorily enacted 85 percent of 18 U.S.C. §

3624(b)(1). Instead, it ducked [sic] Petitioner 7 full days each year from the supposed 54 days the statute granted Petitioner." (Pet. at 2.)

The manner in which Mr. Enigwe calculates his good credit time results in a statutory release date of November 6, 2008, with a full term expiration date of November 4, 2011. He claims that the difference between the way the BOP calculates good credit time and his calculation is based on "time served" versus "sentence imposed." He seeks an expedited review of his petition inasmuch as it would effect the date he is scheduled for placement in a halfway house. Currently, he claims he is scheduled for placement in a halfway house on October 27, 2008. If he prevails in this action, that date would be moved forward to June 6, 2008 and "the Unit Team at F.C.I. Elkton would have a challenge trying to get the halfway house package ready within such a short time." (Pet. at 4.)

Mr. Enigwe has not attempted to exhaust his administrative remedies in this case. Citing Colton v. Ashcroft, 299 F.Supp.2d 681 (E.D. Ky. 2004) and Moreland v. Federal Bureau of Prisons, 363 F. Supp.2d 882 (S.D. Tex. 2005), he argues that exhaustion should be excused because the BOP's established policy regarding the calculation of good credit time would make his attempt futile.

*Good Conduct Credit*
*18 U.S.C. §3624*

The relevant statute provides:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at

the end of the first year of the term . . .

18 U.S.C. §3624. While it is clear that credit is accrued up to 54 days per year for each year served, the petitioner has interpreted the provision, "beyond the time served" to mean that he should receive credit based on the term of his original sentence, not just the years of the sentence he is serving. There is, however, no case law to support his interpretation.[1]

To the contrary, current case law presumes that credit is earned only for the years in which the prisoner is actually incarcerated. See Trevino-Casares v. U. S. Parole Comm'm, 992 F.2d 1068,1072 (10th Cir. 1993)( "the application of service credits is governed by §18 U.S.C. 3624(a), which indicates, uncontroversially, that such credits are applied to the sentence of confinement the prisoner is serving"); see also Mistretta v. United States, 488 U.S. 361, 367 (1989).

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*/s/ Donald C. Nugent 4/4/08*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[1] Even his citation to Moreland is unavailing. The Fifth Circuit reversed the district court's decision finding the BOP improperly calculated a prisoner's good time credit. Moreland v. Federal Bureau of Prisons, 431 F.3d 180 (5th Cir. 2005)

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.